UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Respondent,<br><br>         v.<br><br>WILLIE R. MCCLAIN,<br><br>                    Petitioner. | No. CR-03-0239-FVS<br>    CV-07-0077-FVS<br><br>ORDER DENYING PETITIONER'S<br>SECTION 2255 MOTION |

**THIS MATTER** came before the Court on Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  (Ct. Rec. 114).  Petitioner is represented by Kevin Curtis and Matthew M. Robinson.  Respondent is represented by Aine Ahmed and Pamela Byerly.

**BACKGROUND**

On November 18, 2003, a grand jury returned an indictment charging Petitioner with Distribution of 5 Grams or More of Cocaine Base (Counts 1-4), Possession With Intent to Distribute 50 Grams or More of Cocaine Base (Count 5) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 6).  (Ct. Rec. 11).  On May 26, 2004, following a three-day trial, a jury found Defendant guilty on all six counts in the indictment.  (Ct. Rec. 69).  The Court sentenced Petitioner, on October 29, 2004, to a term of 168 months on Counts 1-4 to run concurrent with a term of 240 months on Count 5. The Court also sentenced Petitioner to a term of 60 months on Count 6,

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 1

to run consecutive to Counts 1-5. (Ct. Rec. 83, 88). Judgment was entered on November 17, 2004. (Ct. Rec. 88).

Petitioner filed a notice of appeal on November 4, 2004. (Ct. Rec. 90). Petitioner's direct appeal was rejected by the Ninth Circuit on December 22, 2005. On March 14, 2007, Petitioner submitted a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Ct. Rec. 114). On August 21, 2007, Petitioner moved to amend his Section 2255 petition. (Ct. Rec. 117). The motion to amend was granted by the Court on November 7, 2008. (Ct. Rec. 121). Respondent filed its response on January 13, 2009. (Ct. Rec. 127). Petitioner submitted a reply in March 2009. (Ct. Rec. 129).

**LEGAL STANDARD**

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether Petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the Petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 2

Because the Court finds that the evidence is conclusive against Petitioner (*see infra*), the Court additionally finds that an evidentiary hearing on the § 2255 motion is not necessary in this case.

**ISSUES**

Petitioner presents the following grounds for relief pursuant to 28 U.S.C. § 2255:

> 1.  Petitioner received ineffective assistance of counsel at trial and direct appeal, in violation of the Sixth Amendment to the United States Constitution.
>
> 2.  Petitioner's Fifth and Sixth Amendment rights to due process and a jury trial were violated when he was sentenced in excess of the statutory maximum, based upon a fact that was never submitted to the jury or proved beyond a reasonable doubt; specifically, whether the cocaine base attributed to Petitioner was the "crack" form of cocaine base.
>
> 3.  Pursuant to *Lopez v. Gonzales*, 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), Petitioner's prior state felony drug possession conviction could not be a basis to enhance his sentence.

(Ct. Rec. 114-115 & 117).

**DISCUSSION**

**I.  Ineffective Assistance of Trial Counsel**

Petitioner alleges that his trial counsel rendered ineffective assistance by failing to move for judgment of acquittal as to Counts 5 and 6. (Ct. Rec. 114 at 5; Ct. Rec. 115 at 14-21).

In reviewing a claim of ineffective assistance of counsel, the Court applies a two-part test: "First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense." *United States v. Recio*, 371 F.3d 1093, 1109 (9th Cir. 2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 3

(1984)). Under the first element, the Court must examine "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065. This requires the Court to analyze counsel's performance with some deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066. Counsel's performance is not ineffective unless it fails to meet an objective standard of reasonableness under prevailing professional norms. *Id.* at 688, 104 S.Ct. at 2065.

Under the second element, it must be shown "that counsel's errors were so serious as to deprive the defendant of a fair trial." *Recio*, 371 F.3d at 1109 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* (citation omitted). Rather, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Finally, a court reviewing an ineffective assistance of counsel claim "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 4

of the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 697).

Petitioner contends that no rational strategic reasons existed for his trial counsel not to move for judgment of acquittal.  (Ct. Rec. 115 at 20).  Petitioner alleges that he was prejudiced by trial counsel's failure to move for a judgment of acquittal because the evidence of guilt for Counts Five and Six was so lacking that there exists a likelihood that such a motion would have been granted.  (Ct. Rec. 115 at 15).  The Court finds that the facts of this case demonstrate otherwise.

Petitioner's motion with respect to this issue fails because he is not able to show that he suffered any prejudice by the failure of trial counsel to move for judgment of acquittal.  Contrary to Petitioner's assertion that the evidence of guilt for Counts Five and Six was so lacking that there exists a likelihood that such a motion would have been granted, the Ninth Circuit noted on direct appeal that there was, in fact, sufficient evidence supporting the convictions.[1]

---

[1]The Ninth Circuit noted on direct appeal as follows:

> The gun and the narcotics underlying McClain's convictions were found in adjacent dresser drawers in the bedroom in which the arresting officers found McClain. At trial, Task Force Officer Pence testified that McClain told Pence that there was crack cocaine in the bedroom dresser drawer where it was found. Also, Detective Saunders and Pence testified that McClain admitted to Pence that McClain kept the gun that the officers also recovered from the adjacent dresser drawer for protection from other drug dealers.

*United States v. McClain*, 163 Fed. Appx. 465, 467 (9th Cir.

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 5

As argued by Respondent, trial counsel's choice not to move for acquittal was sensible given the evidence presented by the government. (Ct. Rec. 127 at 8-9).

Respondent indicates that the prosecution established through the testimony of a number of witnesses that Defendant had distributed crack cocaine to a confidential informant on four separate occasions, told federal agents where his stashes of cash and crack cocaine were located in the house, told federal agents that there was a handgun in the dresser drawer, stated he kept the handgun for protection from gangsters and other drug dealers, and admitted he purchased powder cocaine from California, transported it to Spokane, cooked it into crack cocaine, and sold it. (Ct. Rec. 127 at 8). While Petitioner responds that there was also exculpatory evidence presented at trial (Ct. Rec. 129 at 11-12), as stated by the Ninth Circuit on direct appeal, "to the extent that the evidence offered by McClain contradicted the evidence offered by the government, the jury resolved the conflict." *United States v. McClain*, 163 Fed. Appx. 465, 467 (9th Cir. 2005) (*citing United States v. Toomey*, 764 F.2d 678, 681 (9th Cir. 1985) ("It is the jury's duty to weigh the evidence and determine what version of the facts to believe.")). The Ninth Circuit concluded on direct appeal that "[r]easonable jurors could have concluded on the evidence presented that the narcotics and gun found with McClain were possessed by him, that the narcotics were possessed with the intent to distribute them, and that the gun was possessed in furtherance of a drug trafficking crime." *Id*.

---

2005).

Based on the foregoing, it is apparent that Petitioner's trial counsel's election not to move for judgment of acquittal did not result in prejudice to Petitioner. Because Petitioner suffered no prejudice by his trial counsel's choice not to make such a motion, Petitioner's ineffective assistance of trial counsel claim is without merit.

## II. Ineffective Assistance of Appellate Counsel

Petitioner additionally claims the attorney who prepared his appeal did not render constitutionally effective assistance. According to Petitioner, the arguments raised by appellate counsel were incomplete, based on facts that were false, and provided no meaningful opportunity for review. (Ct. Rec. 114 at 5-6; Ct. Rec. 115 at 21-24). Specifically, Petitioner contends that appellate counsel argued that the trial court erred by denying his motion for judgment of acquittal despite the fact that trial counsel never made such a motion, appellate counsel's ineffective assistance of trial counsel argument had no possible chance of success on direct appeal, and appellate counsel failed to provide support for the issue raised concerning whether the trial court improperly commented on the evidence while instructing the jury. Petitioner asserts that although a brief was filed on his behalf, "the lack of substance or meaningful issues raised therein effectively prevented McClain from affording his case a meaningful review before the Ninth Circuit." (Ct. Rec. 129 at 13).

The test for ineffective appellate assistance claims is set forth in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). As stated in *Robbins*, the standard for evaluating an

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 7

ineffective appellate counsel claim is the same as enunciated in *Strickland*. *Robbins*, 528 U.S. at 288; *See also Smith v. Murray,* 477 U.S. 527, 535-536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (applying *Strickland* to claim of attorney error on appeal). Accordingly, to prevail, Petitioner must show that his appellate counsel's performance was objectively unreasonable and, as a result, he suffered prejudice. Petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), the Court held that appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. Notwithstanding *Barnes,* it is still possible to bring a *Strickland* claim based on appellate counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent. *See Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome").

Here, Petitioner attacks appellate counsel's briefing,[2] but fails

---

[2] Petitioner asserts that appellate counsel raised the following: (1) an argument that the court should not have denied a motion for judgment of acquittal, even though no such motion was filed; (2) trial counsel was ineffective, despite the fact that the record was inadequate to resolve such an issue, which is more appropriately raised in a collateral proceeding; and (3) a fully unsupported statement that the trial court improperly commented on the evidence while instructing the jury. (Ct. Rec. 115 at 23).

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 8

to present issues he would have chosen to raise on appeal instead. Because Petitioner does not state any "ignored issues that are clearly stronger than those presented [on appeal]," the presumption of effective assistance of counsel is not overcome. *Robbins*, 528 U.S. at 288. Furthermore, while Petitioner attacks appellate counsel's briefing, which Respondent concedes contained the mistakes alleged by Petitioner (Ct. Rec. 127 at 10), appellate counsel attempted to correct those mistakes in a follow-up reply brief submitted to the Ninth Circuit.

While Petitioner asserts that "prejudice must be assumed" in this case (Ct. Rec. 129 at 14), Petitioner fails to demonstrate how his representation on appeal resulted in prejudice. Petitioner was not prejudiced by appellate counsel's argument as to the sufficiency of the evidence because, as noted above, the Ninth Circuit concluded that "[r]easonable jurors could have concluded on the evidence presented that the narcotics and gun found with McClain were possessed by him, that the narcotics were possessed with the intent to distribute them, and that the gun was possessed in furtherance of a drug trafficking crime." *McClain*, 163 Fed. Appx. at 467. Petitioner has not specifically shown how he was prejudiced with respect to appellate counsel's briefing on this issue. Petitioner additionally fails to show prejudice resulting from appellate counsel's briefing as to the allegation of ineffective assistance of trial counsel or the allegation that the judge improperly commented on the evidence when giving jury instructions.

The lack of resultant prejudice, as well as Petitioner's failure to present issues he would have chosen to raise on appeal instead of

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 9

those actually raised, is fatal to Petitioner's claim of ineffective assistance of appellant counsel. The Court thus finds that Petitioner's ineffective assistance of appellant counsel claim also lacks merit.

**III.  Procedural Default**

On direct appeal, Petitioner did not raise a claim that he was improperly sentenced.[3] As a result, Petitioner has defaulted the issue and is procedurally barred from presenting it to this Court.

Courts generally apply a procedural default rule barring Section 2255 relief on claims the movant could have, but did not raise on appeal. *Reed v. Farley*, 512 U.S. 339, 114 S.Ct. 2291, 2300 (1994). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007).

Petitioner asserts that "cause" is established by the fact that his claim rests on a previously unavailable legal basis. (Ct. Rec. 129 at 4). Petitioner specifically contends that the issue is based on cases decided after he was sentenced which provided guidance on how the *Apprendi* case should be applied. (Ct. Rec. 129 at 4). Petitioner was sentenced on October 29, 2004, judgment was entered in his case in

---

[3] Petitioner asserts in the instant petition that because the prosecution did not charge and the jury did not find beyond a reasonable doubt that the cocaine base at issue was crack cocaine, the sentencing of Petitioner violated the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and Petitioner's Fifth and Sixth Amendment rights. (Ct. Rec. 114 at 4).

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 10

November 2004, and Petitioner filed a notice of appeal in November 2004. The holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[4] the basis for Petitioner's claim, was clearly available to Petitioner, and the issue clearly could have been raised by Petitioner on appeal.

Petitioner also argues his default should be excused because his trial and appellate counsel failed to provide constitutionally adequate assistance. *See United States v. Ratigan*, 351 F.3d 957, 964-65 (9th Cir. 2003) ("[c]onstitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default"); *United States v. Skurdal*, 341 F.3d 921, 925-26 (9th Cir. 2003) (procedurally defaulted claim may be reviewed under Section 2255 if Petitioner demonstrates cause for the default and actual prejudice from the alleged error). However, the Court finds that default may not be excused in this case because, as explained above, Petitioner has failed to demonstrate he was deprived of effective trial or appellate assistance. Petitioner has additionally offered no evidence of actual innocence. Since, Petitioner's claim that he was improperly sentenced has been procedurally defaulted, and Petitioner has not demonstrated either cause or actual prejudice or that he is actually innocent, Petitioner's improper sentencing claim is dismissed from this action.

///

///

---

[4] In *Apprendi*, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

**IV.  *Lopez v. Gonzales***

Petitioner asserts that the Supreme Court's 2006 decision in *Lopez v. Gonzales*, 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), should be applied retroactively to his case.  (Ct. Rec. 117).  Even setting aside the fact that the Supreme Court has not ruled that *Lopez* applies retroactively to cases on collateral review, Petitioner's argument is misplaced.

Petitioner alleges that he should not have received an enhanced sentence under 21 U.S.C. § 841,[5] based on a prior "felony drug offense," because, pursuant to *Lopez*, a state offense constitutes a felony punishable under the Controlled Substance Act only if it proscribes conduct punishable as a felony under federal law.  (Ct. Rec. 129 at 14; Ct. Rec. 117 at 3-5).  Petitioner appears to assert that, based on *Lopez*, his prior state felony drug possession conviction cannot count to enhance his sentence under 21 U.S.C. § 841, because his state crime was "only a misdemeanor under the federal Controlled Substances Act," and thus not a qualifying "felony drug offense."  (Ct. Rec. 117 at 4-5).

In *Lopez*, the Supreme Court addressed the classification of crimes under the Immigration and Nationality Act ("INA"), and held that conduct classified as a felony under state law but as a misdemeanor under the federal Controlled Substances Act is not a "felony punishable under the Controlled Substances Act" for INA purposes.  The *Lopez* Court found that an alien's prior state court

---

[5] 21 U.S.C. § 841(b) provides that a defendant previously convicted of a "felony drug offense" shall be sentenced to a term of imprisonment which may not be less than 20 years.

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 12

felony conviction for simple possession of a controlled substance, that is punishable as a misdemeanor under the Controlled Substances Act, does not qualify as an aggravated felony for purposes of the INA.

Here, Petitioner has not shown how *Lopez* is relevant to the circumstances of his case. Inconsistent with *Lopez*, this case does not involve the INA, and *Lopez* is confined to cases concerning the INA. Moreover, the enhancement of which Petitioner complains is based on his prior conviction in the Municipal Court of Los Angeles, California, of Possession of a Controlled Substance. As asserted by Respondent, although possession of a controlled substance may constitute a misdemeanor under federal law, it still qualifies as a federal felony for federal sentencing purposes as long as the crime was punishable as a felony under the state law by which Defendant was convicted. *See United States v. Robles-Rodriguez*, 281 F.3d 900, 904-906 (9th Cir. 2002) (a "felony" is described as an offense punishable by more than one year's imprisonment under applicable state or federal law). Since Petitioner initially received three years probation for the offense and later, following the revocation of his probation, received an eighteen month prison sentence, the offense for which he was convicted was punishable by imprisonment for more than one year. (Ct. Rec. 127 at 18; Ct. Rec. 81 at 3). Accordingly, for federal sentencing purposes, Petitioner was convicted of a "federal drug felony" prior to his instant conviction, not a misdemeanor under the Controlled Substances Act. Because *Lopez* pertains only to offenses punishable as misdemeanors under the Controlled Substances Act, the case provides Petitioner no relief in this case.

///

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 13

Petitioner fails to demonstrate how the Supreme Court's statutory interpretation set forth in *Lopez* is relevant to his conviction or sentence. The *Lopez* case is inapplicable, and, as such, the foregoing argument is without merit.

**RULING**

The Court being fully advised, **IT IS HEREBY ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (**Ct. Rec. 114**) is **DENIED**. The District Court Executive is directed to close this case as well as the corresponding civil case: **CV-07-0077-FVS.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to Petitioner and to counsel.

**DATED** this ___30th___ day of June, 2009.

S/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge

ORDER DENYING PETITIONER'S SECTION 2255 MOTION - 14