UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

     v.

WILLIE R. MCCLAIN,

         Defendant.

No. CR-03-0239-FVS

ORDER DENYING DEFENDANT'S
MOTION FOR SENTENCE
REDUCTION PURSUANT TO
18 U.S.C. § 3582

**THIS MATTER** came before the Court on Defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant is proceeding pro se.  Plaintiff is represented by Pamela J. Byerly and Aine Ahmed.

**BACKGROUND**

On November 18, 2003, a grand jury returned an indictment charging Defendant with Distribution of 5 Grams or More of Cocaine Base (Counts 1-4), Possession With Intent to Distribute 50 Grams or More of Cocaine Base (Count 5) and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 6).  (ECF No. 11).  On February 18, 2004, the Government filed an Information To Establish Prior Conviction to increase Defendant's sentence based on 21 U.S.C. § 851.[1]  (ECF No. 21).  On May 26, 2004, following a three-day trial, a

---

[1]The Government alleged that on or about January 23, 1991, in the Municipal Court of Los Angeles, California, Defendant was convicted of the offense of Possession for Sale of a Controlled Substance, a drug felony.  (ECF No. 21).

ORDER DENYING DEFENDANT'S MOTION . . . . - 1

jury found Defendant guilty on all six counts in the indictment. (ECF No. 69). Prior to sentencing, Defendant challenged the pre-sentence report, arguing that inclusion of his prior conviction under Section 851 amounted to a sentencing enhancement in violation of *Apprendi* and *Blakely*. The Court disagreed and sentenced Defendant to the mandated 240 months confinement on Count 5, pursuant to Section 851's mandatory statutory minimum for drug convictions involving 50 grams or more of crack-cocaine, to run concurrent with a term of 168 months on Counts 1-4. The Court also imposed a mandatory 60-month term of confinement for the firearm enhancement (Count 6), to run consecutive with the drug offenses, for a total 300 month sentence. (ECF No. 83, 84). Judgment was entered on November 17, 2004. (ECF No. 88). The Ninth Circuit affirmed Defendant's conviction and sentence on December 22, 2005. (ECF No. 110).

On March 14, 2007, Defendant submitted a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 114), and, on August 21, 2007, Defendant moved to amend the Section 2255 petition (ECF No. 117). The motion to amend was granted by the Court on November 7, 2008. (ECF No. 121). On June 30, 2009, the Court denied Defendant's Section 2255 petition (ECF No. 130).

On January 20, 2011, Defendant filed a petition pursuant to 28 U.S.C. § 2241 in the District of Oregon. (11-CV-0139-FVS; ECF No. 2). The District of Oregon, however, construed the petition as a request pursuant to Section 2255 and transferred Defendant's case back to this Court. On July 11, 2011, the Court dismissed Defendant's Section 2241 petition for lack of jurisdiction. (11-CV-0139-FVS; ECF No. 13).

///

ORDER DENYING DEFENDANT'S MOTION . . . . - 2

On October 29, 2012, Defendant filed a motion for leave to file a second or successive petition under 28 U.S.C. § 2255. (ECF No. 143). The Court denied the motion on November 9, 2012. (ECF No. 146).

On March 8, 2013, Defendant filed the instant motion for a sentence reduction. (ECF No. 147). Defendant requests a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and *Dorsey v. United States*, 132 S.Ct. 2321 (June 21, 2012).

**DISCUSSION**

18 U.S.C. § 3582(c)(2) provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The language of Section 3582(c)(2) provides the Court with authorization to reduce a sentence where the applicable "sentencing range" has been subsequently lowered.

Because Defendant was given a statutory minimum sentence in this case, there is no "sentencing range" which can be lowered by the Sentencing Commission. Consequently, Section 3582(c)(2) does not confer jurisdiction on this Court to resentence Defendant. *U.S. v. Jackson,* 577 F.3d 1032, 1035-1036 (9th Cir. 2009) (a defendant sentenced pursuant to a mandatory minimum, and not a sentencing guideline range, is ineligible for a sentence reduction under § 3582(c)(2)).

With regard to Defendant's *Dorsey* argument, the Supreme Court in that case held that the more lenient penalties of the Fair Sentencing

ORDER DENYING DEFENDANT'S MOTION . . . . - 3

Act of 2010, which reduced the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1,[2] applied to offenders who committed a crack cocaine crime before the effective date of the Act, August 3, 2010, but who were sentenced after that date.  Defendant was sentenced in October 2004, well before the effective date of the Fair Sentencing Act of 2010.  Therefore, *Dorsey* does not apply to Defendant.

Defendant is serving a statutory mandatory minimum sentence.  A reduction of Defendant's sentence is thus not authorized under Section 3582(c)(2).  Moreover, the *Dorsey* decision is inapplicable to Defendant because it addresses only those crack cocaine offenders who were sentenced after August 3, 2010.  Accordingly, the Court determines that Defendant's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) (**ECF No. 147**) is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is hereby directed to enter this order and furnish copies to Defendant and to counsel for the United States.

DATED this __21st__ day of March, 2013.


                              S/Fred Van Sickle
                         _____
                              Fred Van Sickle
                        Senior United States District Judge


_____

[2]In 2010, Congress enacted the Fair Sentencing Act into law. The Act increased the drug amounts triggering mandatory minimums for crack cocaine trafficking offenses.  The change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1. The Fair Sentencing Act took effect on August 3, 2010.  The Commission promulgated conforming emergency Guidelines amendments that became effective on November 1, 2010.  75 Fed.Reg. 66188 (2010).  A permanent version of those Guidelines amendments took effect on November 1, 2011.  *Dorsey*, 132 S.Ct. at 2329.