UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>WILLIE R. McCLAIN,<br><br>    Defendant. | 2:03-CR-239-FVS-1<br><br>ORDER DENYING DEFENDANT'S "EMERGENCY MOTION TO RESENTENCE" AND GRANTING FEDERAL DEFENDERS' "MOTION TO WITHDRAW" |

**THIS MATTER** comes before the Court for consideration of three motions. One is Willie R. McClain's "Emergency Motion." A second motion in the United States' "Motion to Vacate Hearing." The third is the Federal Defenders' "Motion to Withdraw."

**BACKGROUND**

A jury found the defendant guilty of five counts of drug trafficking. 21 U.S.C. § 841(a)(1). In addition, the jury found him guilty of possessing a firearm in

Order ~ 1

furtherance of his drug trafficking. 18 U.S.C. § 924(c). As it turned out, he previously had been convicted in the State of California of a crime that qualified as a federal felony drug offense. 21 U.S.C. § 802(44). Consequently, he was subject to a mandatory minimum prison term of 240 months on one of the drug trafficking counts (Count 5). 21 U.S.C. § 841(b)(1)(A). Not only that, but as a result of the firearm conviction, he also was subject to a separate, consecutive mandatory minimum 60-month sentence. 18 U.S.C. § 924(c)(1)(A). In sum, he is serving a 300-month term of imprisonment.

On May 2, 2016, the defendant filed a motion seeking resentencing pursuant to either 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c)(2). Although both claims seek the same end (*i.e.*, resentencing), they arrive at that end by separate routes. The defendant's § 2255 claim is built upon the premise he no longer is subject to a twenty-year mandatory minimum sentence. That being the case, says the defendant, his sentence violates the law and, thus, must be vacated under § 2255. In the alternative, he seeks resentencing pursuant to 18 U.S.C. § 3582(c)(2). As he notes, the Sentencing Commission has amended U.S.S.G. § 2D1.1, *see* U.S.S.G. Manual

Order ~ 2

supp. app. C., amend. 782 (2014), and it has made the amendment retroactive. *See* U.S.S.G. Manual supp. app. C., amend. 788 (2014). This development is potentially relevant to the defendant because, as he correctly observes, a district court "may modify an imposed term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment **based on** a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2) (emphasis added).

At least initially, it appeared the defendant might be eligible for relief under Amendment 782. Consequently, the Court asked the Federal Defenders of Eastern Washington and Idaho to review his case. (This appointment was limited to Amendment 782. It did not include providing assistance with respect to the § 2255 claim.) The Federal Defenders have now completed that task. They are of the opinion he is ineligible for resentencing under § 3582(c)(2).

**AMENDMENT 782**

Since the defendant was found guilty of five counts of drug trafficking, the Court began its guideline calculations with U.S.S.G. § 2D1.1. When all of the

Order ~ 3

relevant enhancements and adjustments were factored in, the defendant faced a presumptive guideline range of 168 to 210 months in prison on the drug-trafficking counts. However, that would not be the defendant's guideline range were he sentenced today. As a result of Amendment 782, his range would be significantly lower. The defendant wants the benefit of the change. Believing, as he does, that his case is covered by Amendment 782, he argues the Court can, and should, resentence him pursuant to 18 U.S.C. § 3582(c)(2).

The defendant overlooks the fact his presumptive guideline range was superseded by a statutory mandatory minimum sentence. In other words, his sentence on the drug-trafficking counts is based upon a statute, not upon § 2D1.1. This circumstance forecloses resentencing under Amendment 782 and § 3582(c)(2). "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. n.1. This is such a case. Although the Court

Order ~ 4

calculated a presumptive guideline range pursuant to § 2D1.1, the Court did not impose a sentence within that range. As explained above, the defendant was subject to a 240-month mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A). Since the 240-month sentence the Court actually imposed on Count 5 was based upon 21 U.S.C. § 841(b)(1)(A), not upon § 2D1.1, he is ineligible for relief under Amendment 782 and 18 U.S.C. § 3582(c)(2).

**SECTION 2255**

The defendant alleges he would not be subject to a twenty-year mandatory sentence were he sentenced today. Consequently, he urges the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 and resentence him. This is the second time he has sought relief under § 2255. According to the terms of 28 U.S.C. § 2255(h), this Court may not consider a second § 2255 motion unless the Ninth Circuit has authorized him to file it. The defendant seems to acknowledge he has not requested, much less obtained, permission from the Ninth Circuit to file a second § 2255 claim. However, he insists circuit-court permission is unnecessary in this instance. As authority, he cites *Johnson v. United States*, 544 U.S. 295, 125 S.Ct. 1571, 161

Order ~ 5

L.Ed.2d 542 (2005). He claims Johnson stands for the proposition that a prisoner need not comply with the requirements of 28 U.S.C. § 2255(h) if he (1) exercised reasonable diligence (2) in attacking the validity of a state conviction that (3) was used to enhance a federal sentence.

The defendant has misread *Johnson*. The issue in that case was whether a prisoner's § 2255 motion was timely, *i.e.*, whether he had filed the motion prior to the expiration of the one-year limitations period. 544 U.S. at 298, 125 S.Ct. 1571. The Supreme Court did not consider, much less create an exception to, the requirements of 28 U.S.C. § 2255(h). Like all other federal habeas petitioners, the defendant must comply with that statute's requirements. Since he admittedly has not done so, this Court lacks authority to address the issues he is attempting to litigate in his § 2255 motion.

**CERTIFICATE OF APPEALABILITY**

The Court recognizes the defendant may attempt to obtain appellate review of the rulings that are set forth in this order. Appellate review of the Court's § 2255 ruling is subject to an important limitation. The defendant may not appeal a "final

Order ~ 6

order in a proceeding under section 2255" unless "a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(B). In order to obtain a COA, the defendant must demonstrate that reasonable jurists could disagree with respect to whether his § 2255 motion states a valid claim of the denial of a constitutional right. *Cf. United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015) (establishing the requirements for obtaining a COA with respect to a district court's denial of a Rule 60(b) motion when the latter follows the denial of a § 2255 motion). The issue, then, is whether the defendant's § 2255 motion presents a claim that is fairly debatable. Resolution of that issue requires further review of the record, especially the defendant's criminal history.

On January 23, 1991, the defendant pleaded guilty in a state court in California to the crime of Possession for Sale of a Controlled Substance. The conviction was part of his criminal history when he committed the instant offense. The 1991 conviction was still classified as a felony under state law when, on October 29, 2004, he was sentenced in this case. Not only that, but also it qualified as a "felony drug offense" within the meaning of 21 U.S.C. § 802(44). The presence of a felony drug

Order ~ 7

offense in the defendant's criminal history dramatically increased his sentence on the drug-trafficking counts.

The law of the State of California has changed. On November 4, 2014, California voters approved Proposition 47. Under the new law, the defendant was able to have his 1991 conviction redesignated as a misdemeanor. He argues that since his 1991 conviction no longer is classified as a felony under California law, he no longer stands convicted of a felony drug offense. He urges the Court to resentence him accordingly.

The defendant's argument is foreclosed by *United States v. Diaz*, 821 F.3d 1051 (9th Cir.2016). In that case, the Ninth Circuit held:

> California's Proposition 47, offering post-conviction relief by reclassifying certain felony convictions as misdemeanors, does not undermine a prior conviction's felony-status for purposes of [21 U.S.C.] § 841. Section 841 requires us to look to the status of [the defendant's] state conviction when he was convicted of his federal crime -- and as of that day, he was "convict[ed] for a felony drug offense" as § 841 requires.

821 F.3d at 1058. The defendant is making virtually the same argument the Ninth Circuit rejected in *Diaz*. Unless he can distinguish *Diaz* (and there is no reason to

Order ~ 8

think he can), his pending § 2255 claim cannot succeed. No reasonable jurist would disagree with that conclusion. Consequently, the defendant is not entitled to a COA.

**IT IS HEREBY ORDERED**:

1. The Federal Defenders' "Motion to Withdraw" (**ECF No. 155**) is **granted**.

2. The United States' "Motion to Vacate Hearing" (**ECF No. 153**) is **denied**.

3. Willie R. McClain's "Emergency Motion to Resentence" (**ECF No. 151**) is **denied**.

4. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this order and furnish copies to the defendant, to the Federal Defenders of Eastern Washington and Idaho, and to the United States.

**DATED** this 19th day of July, 2016.

s/Fred Van Sickle
FRED VAN SICKLE
Senior United States District Judge

Order ~ 9